IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas Alozie, | No. 2:16-cv-03944-ROS |
| Plaintiff, | |
| v. | **ORDER** |
| Arizona Board of Regents, et al., | |
| Defendants. | |

Pursuant to the Court's orders (Docs. 152, 161), the following Joint Proposed Pretrial Order is to be considered at the Final Pretrial Conference set March 18, 2020.

**A. TRIAL COUNSEL FOR THE PARTIES**

Include mailing addresses, office phone numbers, fax numbers, and email addresses.

Plaintiff:

> Joshua W. Carden, SBN 021698
> JOSHUA CARDEN LAW FIRM, P.C.
> 16427 North Scottsdale Road, Suite 410
> Scottsdale, AZ 85254
> joshua@cardenlawfirm.com
> (480) 454-1100
> (480) 454-1101 (Fax)
> *Attorney for Plaintiff*

Defendant:

> Michael K. Goodwin (014446)
> Ann Hobart (019129)
> Assistant Attorneys General
> Arizona Attorney General's Office
> 2005 N. Central Avenue
> Phoenix, AZ  85004-1592
> Telephone:     (602) 542-7674

1

Facsimile:      (602) 542-7644
Michael.Goodwin@azag.gov
Ann.Hobart@azag.gov
EmploymentLaw@azag.gov
Attorneys for Defendants

### B.  STATEMENT OF JURISDICTION.

Jurisdiction in this case is based on 28 U.S.C. § 1331, original federal question jurisdiction.

### C.  NATURE OF ACTION

This is a retaliation case wherein the Plaintiff sought a promotion to a dean position at ASU, but after providing a statement to the ASU search committee regarding his belief that minority scholars at ASU were being discriminated against in promotion, he was not granted a second interview.  He claims that his protected activity was the "but for" reason he was not granted a second interview and therefore eliminated from consideration for the promotion to dean.

### D.  JURY/NON-JURY

Plaintiff has demanded a jury on all issues, except on the issue of back pay, on which Plaintiff has requested that the jury be permitted to render an advisory verdict.  Defendant does not contest the entitlement to a jury trial, but contends (1) back pay is not an issue for trial, and (2) if back pay were an issue, it is an equitable remedy and should be determined by the court without an advisory jury.

### E.  CONTENTIONS OF THE PARTIES

Plaintiff alleges that Defendant unlawfully retaliated against him in violation of Title VII. 42 U.S.C. § 2000e-3(a).  In order to prevail on his retaliation claim, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the plaintiff engaged in protected activity by opposing an unlawful employment practice; and

2. the employer subjected the plaintiff to an adverse employment action; and

3. the employer would not have taken the adverse employment action but for the plaintiff's protected activity.  Ninth Circuit Model Civil Instruction, § 10.8; *Univ. of Texas SW. Med. Center v. Nassar,* 570 U.S. 338, 360 (2013); *Maner v. Dignity Health*, 350 F. Supp.3d 899, 906 (D. Ariz.

2

2018).

Plaintiff seeks compensatory damages and back pay.

Defendant contends that Plaintiff cannot sustain his burden of proof on any of the requisite elements of a retaliation claim. Defendant does not seek affirmative relief at trial but intends to seek costs and attorney's fees after judgment.

## F. STIPULATIONS AND UNDISPUTED FACTS

1. The parties have stipulated *in limine* to exclude from evidence or argument at trial any reference to attorney's fees or costs of court incurred by either side in this matter.

2. The parties have stipulated *in limine* to exclude from evidence or argument at trial any reference to ultimate taxpayer liability for any award of damages or equitable relief in this matter.

3. Plaintiff timely filed a charge of discrimination that included, *inter alia,* retaliation with the EEOC.

4. Plaintiff received a notice of suit rights from the EEOC and timely filed this lawsuit within 90 days of receipt of that notice of suit rights.

5. Plaintiff Nicholas Alozie ("Alozie") is a professor at Defendant Arizona State University, a public university which is governed by Defendant Arizona Board of Regents (collectively, "ASU").

6. In 2014, ASU conducted an internal search for a Dean of its College of Letters and Sciences (CLS).

7. A search committee chaired by Marlene Tromp assisted in evaluating candidates for the CLS Dean position.

8. Alozie and three other candidates applied for the Dean position.

9. All four candidates were invited to initial interviews with the search committee.

10. At his interview, Alozie handed the search committee a written statement.

11. Alozie and one other candidate were not granted second interviews.

12. The two other candidates were granted second interviews, and one of those candidates, Duane Roen, was ultimately selected as the Dean of the College of Letters and Sciences.

3

## G. PLAINTIFF'S CONTENTIONS OF DISPUTED FACT

1. That Nicholas Alozie's statement to the search committee was the "but for" reason he was not given a second interview.

2. That Nicholas Alozie is entitled to back pay measured by the proportional difference in salary between his salary as a professor and Duane Roen's point appointment salary as Dean from the date Alozie was denied a second interview until the date of the verdict.

3. That Nicholas Alozie is entitled to compensatory damages.

4. That the annual salaries and titles of Duane Roen and Nicholas Alozie have been as follows:

| Year | Alozie | Roen |
|------|--------|------|
| 2013 | $120,849 - Professor (FSC) | $144,057 –Professor (FSC) |
| 2014 | $122,179 - Professor (FSC) | $147,659 - Interim Dean/Dir & Prof FSC |
| 2015 | $122,179 - Professor (FSC) | $195,000 - Dean & Professor |
| 2016 | $123,480 - Professor (FSC) | $225,000 - Dean & Professor |
| 2017 | $125,080 - Professor (FSC) | $230,000 - Dean & Professor |
| 2018 | $127,980 - Faculty Head & Professor (FSC) | $237,500 - Dean & Professor |
| 2019 | $131,680 - Faculty Head & Professor (FSC) | $244,500 - Dean & Professor |

## H. DEFENDANT'S CONTENTIONS OF DISPUTED FACT

1. Plaintiff's assertion that minority scholars could not achieve a rewarding career with advancement at ASU because the environment was not favorable enough, contained in his written statement to the search committee, was not protected opposition activity.

2. The decision not to advance Plaintiff to the second round of interviews was not an adverse action.

3. Even if protected, Plaintiff's remarks about the environment for minority scholars was not the but-for cause of ASU's failure to grant him a second interview.

4. Plaintiff did not advance to the second round of interviews because the search committee determined, by majority vote, that he was less qualified than two other candidates.

### I.  ISSUES OF LAW IN CONTROVERSY

1.  Given that Plaintiff's claim is limited to ASU's failure to grant him a second interview during the Dean search, whether back pay is recoverable.

2.  Whether Plaintiff properly disclosed back pay.

3.  Whether Plaintiff engaged in "protected activity" within the meaning of Title VII.

4.  Whether the failure to grant Dr. Alozie a second interview was tantamount to a failure to promote for purposes of damages.

### J.  SEPARATE TRIAL OF ISSUES

A separate trial of any of the issues is not advisable or feasible in this case.  However, a proceeding outside the presence of the jury may be required if the Court chooses to receive evidence on the back pay issue separately, without an advisory verdict of the jury.

### K. WITNESSES

**Plaintiff:**

1.  Shall be called:

   a.  Nicholas Alozie – Dr. Alozie is expected to testify in accordance with his allegations that he was denied a second interview in retaliation for his written statement to the Dean search committee, and regarding his observations upon which his statement was based, his tenure at ASU and his damages.

   b.  Marlene Tromp – Dr. Tromp is expected to testify as to her role as chair of the Dean search committee, her communications with the committee members and other University personnel regarding the candidates, the committee's final report, and her conversation with Barry Ritchie before the search committee process concluded.

   c.  Barry Ritchie – Dr. Ritchie is expected to testify regarding his charge to the search committee and his conversations with Dr. Tromp and other committee members regarding the candidates.

   d.  Ian Moulton – Dr. Moulton is expected to testify regarding his participation on the search committee and his assessment of the candidates.

   e.  Erin Ellison (by deposition excerpts only)

    f.  Pamela Stewart – Dr. Stewart is expected to testify regarding her participation on the search committee, her early and vocal support of Duane Roen and her assessments of the other candidates.

2. May be called:

    a.  Duane Roen (by deposition excerpts only)

    b.  Corporate representative of ASU to testify regarding the salaries of Plaintiff and Duane Roen from 2013 to the present. (if parties unable to agree on amounts)

3. Unlikely to be called:

    a.  Oscar Jiminez-Castellanos – expected to testify regarding his participation in the search committee.

**Defendant:**

1. Witnesses Who Shall Be Called

    a.  Marlene Tromp - Will testify about the role of deans at ASU and the 2014 search process for CLS Dean.

    b.  Barry Ritchie – Will testify about the academic leadership structure at ASUand his responsibilities as Vice Provost for Academic Affairs, especially in regard to search processes, including the CLS Dean search.

    c.  Claire Lauer – Will testify about the search committee's role in the Dean search, especially to the initial candidate interviews.

    d.  Pamela Stewart - Will testify about the search committee's role in the Dean search, especially to the initial candidate interviews.

    e.  Duane Roen (by deposition) – May testify about his meeting with CLS faculty heads in July 2014.

    f.  Maxim Sukharev - Will testify about the search committee's role in the Dean search, especially to the initial candidate interviews.

    g.  Jean Stutz - Will testify about the search committee's role in the Dean search, especially to the initial candidate interviews.

2. Witnesses Who May be Called

    a.  Ian Moulton - May testify about the search committee's role in the Dean search, especially to the initial candidate interviews.

    b.  Irene Bloom - May testify about the search committee's role in the Dean search, especially to the initial candidate interviews.

    c.  Denise Bates - May testify about the search committee's role in the Dean search, especially to the initial candidate interviews.

    d.  Robert Page – May testify about his role as Provost from 2013 to 2015, especially as it relates to the CLS Dean search.

3.  Witnesses Unlikely to be Called

    a.  Mark Searle – May testify about the academic leadership structure at ASU and his role in it, his consultation with CLS faculty leaders in February 2014.

    b.  Mary Bauer – May testify about the Dean search process and her communications with committee members and candidates.

    c.  Fred Corey – May testify about the evolution and structure of SLS and his supervision of Plaintiff.

    d.  Patience Akpan Obong - May testify about the search committee's role in the Dean search, especially to the initial candidate interviews, and her relationship with Plaintiff before and after the Dean search.

    e.  Barbara Lafford – May testify about meeting of CLS faculty heads.

**L. EXPERTS**

None anticipated.

**M. EXHIBITS**

Each party must submit with this proposed order a list of numbered exhibits with a description of each containing sufficient information to identify the exhibit and indicating whether an objection to its admission is anticipated, the basis for such objection, and the opposing party's response to that objection. Prior to submitting the joint pretrial order, however, the parties shall meet and confer in good faith regarding each objection to an exhibit, and the response to that objection, in an effort to resolve the dispute without the Court's intervention.

Whenever a subject matter will reasonably require itemization, computation or illustration, counsel shall prepare diagrams, photocopies or other similar exhibits as may be reasonably necessary for a clear presentation of the subject matter.

## N.  MOTIONS IN LIMINE & REQUESTED EVIDENTARY RULINGS

1. Plaintiff has moved *in limine* to exclude any reference to or argument regarding the EEOC's investigation or decision not to intervene as irrelevant under FRE 401 and carrying the risk of confusion or unfair prejudice under FRE 403. The administrative process of the EEOC does not adjudicate rights or liabilities of the parties. *See Kirby v. J.C. Penney Corp.*, No. 208-CV-1088, 2009 WL 3572494, at *2 (W.D. Pa. Oct. 26, 2009) ("The Court fails to see how what is essentially a non-decision on the part of the EEOC demonstrates any tendency to make the existence of a fact of consequence to the determination of this action more or less probable than it would be without the evidence."). To the extent that the Charge of Discrimination and Notice of Suit Rights are needed at trial (Plaintiff has marked them as exhibits), the sole purpose for introducing them is to demonstrate the court's jurisdiction.

2. Plaintiff has moved *in limine* to exclude any reference to or argument regarding the conclusion by ASU's Office of Equity and Inclusion that the actions regarding Dr. Alozie had not violated ASU's anti-discrimination/retaliation policies. For the same reasons that the EEOC investigation and findings are inadmissible in this case, the OEI findings and conclusions are more so. The OEI was not tasked with deciding whether Alozie's legal rights had been violated, only ASU's policies.  Thus, the report is irrelevant under Rule 401, carries the risk of prejudice under FRE 403, and is improper opinion testimony on an ultimate issue of law and therefore inadmissible under FRE 702 and 704. *United States v. Zipkin*, 729 F.2d 384, 387 (6th Cir. 1984)("It is the function of the trial judge to determine the law of the case. It is impermissible to delegate that function to a jury through the submission of testimony on controlling legal principles.")

3. Plaintiff has moved *in limine* to exclude any reference to or argument regarding the fact that Plaintiff previously had Title VII disparate impact and disparate treatment claims, as well as a First Amendment claim that were dismissed by the Court before trial.  Reference to these

claims <u>as claims</u> would be irrelevant under Rule 402 and potentially confusing under Rule 403.

4. Defendant is filing a motion *in limine* to exclude evidence regarding alleged back pay on the grounds that (a) back pay is not an element of damages for failure to interview and thus the evidence is not relevant; (b) the evidence would create a risk of confusing the jury and prejudice, and is inadmissible under Rule 403; and (3) Plaintiff's failed to properly disclose his alleged lost wages and benefits.

5. Defendant is also filing a motion in limine to preclude evidence and argument relating to dismissed claims. The dismissed claims—i.e., the allegations and evidence underlying those claims—are not relevant. Relitigating these matters would also waste time and confuse the issues. The evidence should be excluded under Rules 402 and 403.

None of the motions in limine have yet been ruled upon.

## O. PROBABLE LENGTH OF TRIAL

The Court has previously set the trial at 3 days.

## P. TRIAL DATE

The Court has previously set the trial to commence on March 24, 2020 at 9 a.m.

## Q. STIPULATED PROPOSED STATEMENT OF THE CASE, JURY INSTRUCTIONS, VOIR DIRE QUESTIONS, JUROR QUESTIONNAIRES, FORMS OF VERDICT AND TRIAL MEMORANDUM OF LAW shall be filed with this proposed order in accordance with the procedures set forth in this Court's Rule 16 Scheduling Order.

## R. MISCELLANEOUS

Two important defense witnesses, Maxim Sukharev and Jean Stutz, are unavailable for trial. The parties have conferred. Defendant would like to take very brief trial depositions to preserve their testimony for trial. Plaintiff has not agreed. A motion is forthcoming.

## S. MODIFICATION OF ORDER

The Court may, in order to prevent manifest injustice or for good cause shown, at the trial of the action or prior thereto upon application of counsel for either party, made in good faith, or upon the motion of the Court, modify the Final Pretrial Order upon such conditions as the Court

may deem just and proper.

**APPROVED AS TO FORM AND CONTENT**:

s/Joshua W. Carden                              s/Michael K. Goodwin (*with permission*)
Attorney for Plaintiff                          Attorney for Defendant


**THIS JOINT PRETRIAL ORDER IS HEREBY APPROVED ON THIS ____ DAY OF _____, 20___.**