Joshua W. Carden, SBN 021698
JOSHUA CARDEN LAW FIRM, P.C.
16427 N. Scottsdale Rd., Suite 410
Scottsdale, AZ 85254
Joshua@cardenlawfirm.com
(480) 454-1100
(480) 454-1101 (Fax)
Attorneys for Plaintiff

Michael K. Goodwin (014446)
Assistant Attorneys General
Arizona Attorney General's Office
2005 N. Central Avenue
Phoenix, AZ  85004-1592
Telephone:   (602) 542-7674
Facsimile:   (602) 542-7644
Michael.Goodwin@azag.gov
EmploymentLaw@azag.gov
Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas Alozie,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>Arizona Board of Regents, *et al.*,<br><br>　　　　　　　Defendants. | Case No. CV-16-03944-PHX-ROS<br><br>**FINAL JURY INSTRUCTIONS** |

## INSTRUCTIONS FOR BEGINNING OF TRIAL

### Duty of Jury

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff Dr. Nicholas Alozie asserts that he experienced retaliation when he failed to receive a second interview for the Dean position to which he applied, after expressing his concerns to the Arizona State University search committee about the difficulty minority scholars have in getting promoted at ASU. The plaintiff has the burden of proving this claim.

The defendant Arizona Board of Regents, which governs Arizona State University, denies that claim and asserts that Dr. Alozie failed to advance past the first round of interviews because other candidates were better qualified.

**Burden of Proof - Preponderance of the Evidence**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits that are admitted into evidence;

3.  any facts to which the lawyers have agreed; and

4.  any facts that I may instruct you to accept as proved.

**What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.   Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.   Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

6

**Evidence for Limited Purpose**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

    1.  the opportunity and ability of the witness to see or hear or know the things testified to;

    2.  the witness's memory;

    3.  the witness's manner while testifying;

    4.  the witness's interest in the outcome of the case, if any;

    5.  the witness's bias or prejudice, if any;

    6.  whether other evidence contradicted the witness's testimony;

    7. the reasonableness of the witness's testimony in light of all the evidence; and

    8.  any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not

visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Publicity During Trial**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

**No Transcript Available to Jury**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**Taking Notes**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**Questions by Jurors**

When attorneys have finished their examination of a witness, you may ask questions of the witness. If you have a question for a witness, write it on a sheet of paper and give the paper to the courtroom deputy.  I will discuss the question with the attorneys. If the rules of evidence do not permit a particular question, I will advise you. After your questions, if any, the attorneys may ask additional questions.

**Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Outline of Trial**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Stipulations of Fact**

The parties have agreed to certain facts that will be read to you.

1.    Plaintiff Nicholas Alozie is a professor at Defendant Arizona State University, a public university which is governed by Defendant Arizona Board of Regents (collectively, "ASU").

2.    In 2014, ASU conducted an internal search for a Dean of its College of Letters and Sciences (CLS).

3.    A search committee chaired by Marlene Tromp assisted in evaluating candidates for the CLS Dean position.

4.    Alozie and three other candidates applied for the Dean position.

5.    All four candidates were invited to initial interviews with the search committee.

6.    At his interview, Alozie handed the search committee a written statement.

7.    Alozie and one other candidate were not granted second interviews.

8.    The two other candidates were granted second interviews, and one of those candidates, Duane Roen, was ultimately selected as the Dean of the College of Letters and Sciences.

You must therefore treat these facts as having been proved.

**Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The depositions of Duane Roen, Erin Ellison, and Robert Page were all taken in November 2018. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Impeachment Evidence - Witness**

The evidence that a witness said or did something that was different from the testimony given at trial may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

## __INSTRUCTIONS FOR END OF TRIAL__

**Duty of Jury**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**Duty to Deliberate**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1            **Consideration of Evidence – Conduct of the Jury**

2            Because you must base your verdict only on the evidence received in the case and

3    on these instructions, I remind you that you must not be exposed to any other

4    information about the case or to the issues it involves. Except for discussing the case

5    with your fellow jurors during your deliberations:

6            Do not communicate with anyone in any way and do not let anyone else

7    communicate with you in any way about the merits of the case or anything to do with it.

8    This includes discussing the case in person, in writing, by phone or electronic means, via

9    email, via text messaging, or any internet chat room, blog, website or application,

10   including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn,

11   Snapchat, or any other forms of social media. This applies to communicating with your

12   family members, your employer, the media or press, and the people involved in the trial.

13   If you are asked or approached in any way about your jury service or anything about this

14   case, you must respond that you have been ordered not to discuss the matter and to report

15   the contact to the court.

16           Do not read, watch, or listen to any news or media accounts or commentary about

17   the case or anything to do with it[, although I have no information that there will be news

18   reports about this case]; do not do any research, such as consulting dictionaries,

19   searching the Internet, or using other reference materials; and do not make any

20   investigation or in any other way try to learn about the case on your own. Do not visit or

21   view any place discussed in this case, and do not use Internet programs or other devices

22   to search for or view any place discussed during the trial. Also, do not do any research

23   about this case, the law, or the people involved—including the parties, the witnesses or

24   the lawyers—until you have been excused as jurors. If you happen to read or hear

25   anything touching on this case in the media, turn away and report it to me as soon as

26   possible.

27           These rules protect each party's right to have this case decided only on evidence

28   that has been presented here in court. Witnesses here in court take an oath to tell the

truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Burden of Proof - Preponderance of the Evidence**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits that are admitted into evidence;

3.  any facts to which the lawyers have agreed; and

4.  any facts that I have instructed you to accept as proved.

**What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.  Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1   **Direct and Circumstantial Evidence**

2    Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact,

3 such as testimony by a witness about what that witness personally saw or heard or did.

4 Circumstantial evidence is proof of one or more facts from which you could find another

5 fact. You should consider both kinds of evidence. The law makes no distinction between

6 the weight to be given to either direct or circumstantial evidence. It is for you to decide

7 how much weight to give to any evidence.

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

    1.  the opportunity and ability of the witness to see or hear or know the things testified to;

    2.  the witness's memory;

    3.  the witness's manner while testifying;

    4.  the witness's interest in the outcome of the case, if any;

    5.  the witness's bias or prejudice, if any;

    6.  whether other evidence contradicted the witness's testimony;

    7. the reasonableness of the witness's testimony in light of all the evidence; and

    8.  any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Fair Treatment**

The defendant in this case is the Arizona Board of Regents, which oversees Arizona State University.  The Board of Regents and ASU are State entities.  All parties are equal before the law and a government entity is entitled to the same fair and conscientious consideration by you as any party.

**Principal Sued But Not Agent – No Issue as to Agency or Authority**

The members of the search committee and other ASU employees were acting as employees and agents of the Board of Regents and ASU, and, therefore, any act or omission of any of them was the act or omission of the defendant.

**Civil Rights – Title VII – Retaliation – Elements and Burden of Proof**

The plaintiff seeks damages against the defendant for retaliation. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. the plaintiff opposed an unlawful employment practice; and

2. the employer subjected the plaintiff to an adverse employment action; and

3. the plaintiff was subjected to the adverse employment action because of his opposition to an unlawful employment practice.

As to the first element: a plaintiff opposes unlawful employment practices if he complains about conduct that he reasonably believes to be discriminatory, such as an employer failing to hire, refusing to hire, or discharging any individual because of such individual's race; an employer discriminating against any individual with respect to the individual's compensation, terms, conditions, or privileges of employment because of such individual's race; or an employer limiting, segregating, or classifying employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect the individual's status as an employee because of such individual's race.

As to the second element: an action is an "adverse employment action" if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

As to the third element: A plaintiff is "subjected to an adverse employment action" because of his opposition to an unlawful employment practice if the adverse employment action would not have occurred but for that opposition.

If you find that the plaintiff has proved all three of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

**Damages - Proof**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's retaliation claim, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

1. The nature and extent of the injuries;

2. The loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future; and

3. The mental and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Nominal Damages**

The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**Return of Verdict**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom.

**Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

1        RESPECTFULLY SUBMITTED this 31st day of July, 2020.

2    JOSHUA CARDEN LAW FIRM, P.C.        Arizona Attorney General's Office

3

    /s/ Joshua W. Carden w/ permission        /s/  Michael K. Goodwin
4    Joshua W. Carden                   Michael K. Goodwin
    Attorney for Plaintiff               Ann Hobart
5                                      Assistant Attorneys General
                                      Attorneys for Defendants
6

7

8

    I certify that I electronically
9    transmitted the attached document
    to the Clerk's Office using the
10   CM/ECF System for filing and
    transmittal of a Notice of Electronic
11   Filing to the following CM/ECF
    registrants this 31st day of July, 2020:
12

    Joshua W. Carden
13   Joshua Carden Law Firm, P.C.
    16427 N. Scottsdale Rd., Suite 410
14   Scottsdale, AZ 85254
    Joshua@cardenlawfirm.com
15   Attorney for Plaintiff

16   /s/ Deb Czajkowski
    #8867303
17

18

19

20

21

22

23

24

25

26

27

28