IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas Alozie, | No. CV-16-03944-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Board of Regents, et al., | |
| Defendants. | |

At the close of Plaintiff's case, on August 12, 2021, Defendants filed a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). (Doc. 236). Judgment was entered on August 18, 2021. On August 30, 2021, Defendants filed a motion to set aside the judgment "to allow for consideration of the Rule 50(a) motion." (Doc. 264 at 2). In support of the motion, Defendants cited Rule 60(a) allowing for corrections to judgments based on clerical mistakes, oversights, and omissions and Rule 60(b)(6) allowing relief from final judgment for "any other reason that justifies relief." (Doc. 264). No clerical errors were made, and no other reason justifies relief. In fact, Rule 58(b)(1)(A) requires the Clerk of Court enter judgment when "the jury returns a general verdict."

Under the rules, a judgment need not be set aside for a Rule 50 motion to be considered. Indeed, Rule 50(b) is explicit that a motion for judgment as a matter of law may be considered after the entry of judgment. "No later than 28 days *after the entry of judgment* . . . the movant may file a renewed motion for judgment as a matter of law and may include an alternative . . . request for a new trial under Rule 59." Fed. R. Civ. P. 50(b)

(emphasis added). A court, in ruling on a Rule 50(b) motion, may then allow the jury's verdict to stand, order a new trial, or direct entry of judgment as a matter of law. Fed. R. Civ. P. 50(b)(1)–(3). At this point, because the jury rendered a verdict, Defendants' August 12, 2021, motion for judgment as a matter of law is denied as moot. *See Johnson v. New York, N.H. & H.R. Co.*, 344 U.S. 48, 50 (1952) (holding courts cannot grant a post-verdict motion for judgment as a matter of law without it being renewed after the verdict).

A day after filing Defendants' motion to set aside judgment, the parties have now filed a joint motion to set aside judgment with the same arguments. As described above, there is no basis to set aside judgment. As such, both motions to set aside judgment will be denied.

Separately, on August 27, 2021, Plaintiff filed a motion to alter the judgment by reducing the damage award to the statutory cap of $300,000. (Doc. 260). The motion was originally unopposed, although the parties subsequently attempted to "withdraw" the motion. (Doc. 264 at 2 n.1). Because there is no dispute the statutory cap applies, the motion to alter the judgment will be granted.

The parties also request an extension to file the bills of costs and attorney's fees until seven days after the Court's ruling on the Defendants Rule 50(a) motion. As this Order resolves that motion, the bills of costs and fees applications will be due seven days from this Order.

Accordingly,

**IT IS ORDERED** Defendants' motion for judgment as a matter of law (Doc. 236) is **DENIED** as moot.

**IT IS FURTHER ORDERED** the parties shall file the bills of costs and attorney's fees no later than **September 8, 2021**.

**IT IS FURTHER ORDERED** Plaintiff's unopposed motion to alter the judgment (Doc. 260) is **GRANTED**.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter an amended judgment in the amount of $300,000.00.

**IT IS FURTHER ORDERED** Defendants' motion to set aside judgment (Doc. 264) is **DENIED.**

**IT IS FURTHER ORDERED** the joint motion to set aside judgment (Doc. 265) is **DENIED.**

Dated this 1st day of September, 2021.

Honorable Roslyn O. Silver
Senior United States District Judge